In the Matter of Rocco Arthur BIANCHI, Petitioner.

Civ. A. No. W–70–CA–57.

United States District Court, W. D. Texas, Waco Division.

Oct. 6, 1970.

James M. Simons, Simons & Cunningham, Austin, Tex., for plaintiff.

Charles A. Gary, 1st Asst. U. S. Atty., San Antonio, Tex., for the United States.

Memorandum Opinion and Order

ROBERTS, District Judge.

The petitioner, Rocco Arthur Bianchi, is seeking, by writ of habeas corpus, release from the Army on the grounds that he is a conscientious objector entitled to a discharge under Army Regulation 635–20. The Army denied Bianchi's application for a discharge because it concluded he was insincere, based on the following facts in the record: (1) in his application, Bianchi "goes to great lengths to show how, through logic, he can demonstrate that war is wrong"; (2) despite a long and detailed description of how his logical and ethical beliefs were acquired, Bianchi never once in his application mentions the fact that he is on orders to Vietnam; (3) despite the fact that Bianchi knew of his orders for several months, he waited four days after his reporting date before submitting his application; (4) the statement of Captain Samuel H. Newton, Bianchi's immediate commanding officer, that "Counseling of subject EM (Bianchi) by the undersigned (Captain Newton) seemed to reveal that his purpose in applying for Conscientious Objector status was to avoid duty in Vietnam."

It should be noted here that the Army does not contend that Bianchi's stated beliefs do not come within the conscientious objector provision of the Selective Service Act of 1967, 50 U.S.C. App. § 456(j), or its Army regulation counterpart AR 635–20, as outlined by the Supreme Court in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d

733 (1965) and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). Rather, the Army challenges only the sincerity with which Bianchi holds these beliefs.

■■ The Court's review is narrowly limited by the basis-in-fact standard. Pitcher v. Laird, 421 F.2d 1272 (5th Cir. 1970). If there is some objective and affirmative evidence to support the Review Board's finding of insincerity, then this Court must sustain that finding. However, mere disbelief or speculation does not amount to affirmative and objective evidence and will not support a finding of insincerity. Kessler v. United States, 406 F.2d 151 (5th Cir. 1969); United States v. Hesse, 417 F.2d 141 (8th Cir. 1969); Bates v. Commander, 413 F.2d 475 (1st Cir. 1969).

■■ In examining each of the cited facts in support of the Army's finding of insincerity, this Court must conclude that there is no basis in fact to support such a finding. First, the mere fact that the petitioner believes that war is irrational or illogical does not preclude a deeply held moral or ethical opposition to war. This same argument was made in Welsh v. United States, supra, and was rejected by the Supreme Court:

> In this case, Welsh's conscientious objection to war was undeniably based in part on his perception of world politics. * * * We certainly do not think that § 6(j)'s exclusion of those persons with "essentially political, sociological, or philosophical views or a merely personal moral code" should be read to exclude those who hold strong beliefs about our domestic and foreign affairs or even those whose conscientious objection to participation in all wars is founded to a substantial extent upon considerations of public policy.

■ Second, this Court cannot see how the petitioner's failure to mention the fact that he is on orders to Vietnam amounts to "affirmative and objective" evidence of insincerity. Surely, the pe-

titioner can assume the Army is fully cognizant of that fact.

■■ Third, the timing of the application, thirteen months after entry into the service and four days after the reporting date in his amended orders for Vietnam, does not in itself amount to evidence of insincerity, especially when viewed in light of the whole record. The purpose of AR 635–20 is to allow servicemen a separation from the military on the grounds that he has become conscientiously opposed to war subsequent to entry into the service. To uphold the Review Board on this point would amount to an outright denial of the availability of this regulation to a sizeable percentage of servicemen. It would seriously and substantially frustrate the purpose of the regulation. In United States ex rel. Tobias v. Laird, 413 F.2d 936 (4th Cir. 1969), the Court held that even though the prospect of combat duty" acted as a catalyst and was the stimulus for submission of the request for discharge, it did not warrant the refusal of discharge to one whose sincerity had been clearly established.

■ Fourth and finally, Captain Newton's statement, upon which the Review Board relied so heavily, amounts to no more than a bare statement of insincerity without citing a single fact. In no way does it measure up to the requirements of Kessler v. United States, supra. Captain Newton was not even one of the interviewers, and there is no indication as to how he came to this conclusion.

In reviewing the application, this Court finds ample evidence of sincerity. In letters to the Review Board from the petitioner's father, wife, and five rather close friends, all were unanimous in their feeling that Bianchi was very sincere in his beliefs. In his interview with an Army Chaplain, Arthur M. Webb, which is required by AR 635–20, the Chaplain concluded after "considerable discussion and question" that the petitioner was sincere in his claim. The only other person who interviewed Bianchi

was the information officer, Captain Walter K. Amacker. While it is apparent that Captain Amacker strongly disagrees with Bianchi, calling him "closed mind" and "sophomoric", he does not offer any evidence of insincerity. In fact, Captain Amacker does not state outright that petitioner is insincere, although he attempts to raise a hint of this by noting that Bianchi made his request shortly after receiving orders for Vietnam.

After a careful and searching review of the record, this Court cannot find any basis in fact which would support the Army's finding of insincerity. It is therefore ordered that the writ of habeas corpus be, and hereby is, granted.